[Civ. No. 2799. Fourth Dist. July 24, 1942.]

THE PEOPLE, Respondent, v. I. E. ROBBIN et al., Appellants.

[Civ. No. 2800. Fourth Dist. July 24, 1942.]

THE PEOPLE, Respondent, v. H. S. ROBBIN et al., Appellants.

[Civ. Nos. 2796, 2798. Fourth Dist. July 24, 1942.]

THE PEOPLE, Respondent, v. GORDON D. SADERUP, Appellant.

(Two cases)

[Civ. No. 2797. Fourth Dist. July 24, 1942.]

THE PEOPLE, Respondent, v. FRANK MATSUSHITA, Appellant.

[Civ. Nos. 2801, 2802. Fourth Dist. July 24, 1942.]

THE PEOPLE, Respondent, v. WILLIAM HARRAH et al., Appellants.

(Two cases)

Jerry Giesler, Ward Sullivan and Jerome J. Mayo for Appellants.

Earl Warren, Attorney General, and Lewis Drucker, Deputy Attorney General, for Respondent.

BARNARD, P. J.—These are actions to enjoin as nuisances the operation of certain places in which it is alleged that gambling games are carried on. All of these were places in what is known as the Venice Amusement Zone. The seven cases were tried together and have been consolidated on this appeal. Insofar as material here, the cases are exactly similar and practically identical in all respects. For convenience, they will be discussed as if they were one case.

It is alleged that the defendants, with the knowledge of the owners of the property, have been operating, conducting and maintaining a certain gambling game on the described premises; that this gambling game is conducted in a manner which is described in detail; that the maintenance and operation of this gambling game "does now and will in the future constitute the keeping of a gambling house, a public nuisance, injurious to the health of the People of the State of California, for the reason that it tends to and does in fact debauch and corrupt the public morals, encourage idle and dissolute habits, draws together great numbers of disorderly persons, disturbs the public peace, brings together idle persons and cultivates dissolute habits between them, creates traffic hazards, and is thereby injurious to health, indecent and offensive to the senses and impairs the free enjoyment of life;" and that the maintenance and operation of said gambling game and public nuisance directly affects the entire community surrounding the city of Los Angeles and numerous other communities in Los Angeles County.

The prayer is that the court determine that the maintenance and operation of said gambling game on these premises constitutes a public nuisance, and that the defendants and their agents be forever enjoined and restrained from maintaining or operating said gambling game on said premises. The court found in accordance with the allegations of the complaint and, among other things, found that the game as described in the complaint is a gambling game; that the defendants and their agents threaten to and will continue the operation of said gambling game on said premises unless restrained

from so doing; that the maintenance and operation of said gambling game has in the past and will in the future constitute the keeping of a gambling house, a public nuisance; and that the maintenance and operation of said gambling game and gambling house is and will be injurious to the health, public welfare and morals of the people of this state. The judgments order the issuance of injunctions against the operation of such a gambling house on said premises. These appeals followed.

The game here in question is called "bridgo." It seems apparent that it was designed to get around the legal objections to the game of "tango," as pointed out in the case of *People* v. *Babdaty,* 139 Cal. App. (Supp.) 791 [30 P. (2d) 634]. It differs from that game in that here a so-called "skill" game and a so-called "free" game were played alternately. It is freely admitted that the "free" game is dependent upon chance but it is contended that it is not a lottery, as defined in the case just cited, since no charge is made and persons are permitted to play without regard to whether or not they participate in the "skill" game, for which a charge is made. It is argued that the paid game is not a lottery since it depends entirely upon the skill of the player, unaffected by the actions of other players, and that it is not a gambling game under any other statute of this state. The briefs are largely devoted to a discussion of whether or not the operation of these games constitutes a gambling game under any of the laws of this state. While the design of this game for the purpose in view and appellant's arguments in support of its innocent nature are extremely ingenious, although perhaps not entirely convincing, we are forced to conclude that the question of whether or not this is a gambling game is not controlling here.

Assuming, without holding, that this is a gambling game the question remains whether the operation thereof on these premises may be enjoined on the showing here made. In *People* v. *Lim,* 18 Cal. (2d) 872 [118 P. (2d) 472], the Supreme Court held, in effect, that equitable jurisdiction in such matters must be conferred by the Legislature and should not be assumed by the courts; that the basis for such jurisdiction must be found in the statutes and not by reference to the common law definitions of a public nuisance; and that in order to confer jurisdiction in such an action, where it is claimed that a particular activity constitutes a nuisance as defined by our statutes, "sufficient facts must be alleged so that the court

may conclude that a nuisance exists within the provisions of the statute.'' In that case, involving an attempt to restrain the operation of a gambling establishment, it was alleged that this gambling house ''draws together great numbers of disorderly persons, disturbs the public peace, brings together idle persons and cultivates dissolute habits among them, creates traffic and fire hazards, and is thereby injurious to health, indecent and offensive to the senses and impairs the free enjoyment of life and property.'' While it was held that in order to be within the jurisdiction of an equitable proceeding for injunction the act in question must constitute a nuisance within the definition of our statute, it was further held that this allegation was sufficient for that purpose as against a demurrer.

As we view that decision, it holds that the remedy of injunction máy not be employed on the mere showing that a gambling game is being conducted on the premises in question, and that further allegations with respect to the kind of people who congregate there and as to disorderly and disturbing actions on their part are essential in order to bring the matter within the statutory definition of a nuisance and to confer jurisdiction upon a court of equity. It necessarily follows that if such matters must be alleged they must also be proved in order to support an injunction issued in such an action.

In the case before us, the allegations of the complaint in this regard are similar to and in almost the exact language of those involved in the case of *People* v. *Lim, supra,* and the complaint was, therefore, sufficient. However, at the trial, on the objection of the People, all evidence was excluded as to the type of person who frequented these places and the attorney for the People stated he was making no contention that people of ill repute visited or frequented them. These cases were entirely tried and these appeals are largely, if not entirely, presented on the theory that all that was necessary was to show that a gambling game was being conducted on these premises. In his brief the attorney general concedes ''that no evidence was produced by the plaintiffs as to the type of people who frequented the 'bridgo' parlors or that there was disorder in the operation of the games.'' We are compelled to hold, therefore, that there was a complete failure of proof upon a material and essential matter, in the absence of which the issuance of an injunction cannot be sustained. The instant case is precisely similar in prin-

ciple to the case of *Monterey Club* v. *Superior Court,* 48 Cal. App. (2d) 131 [119 P. (2d) 349], where it was held that the court exceeded its jurisdiction in issuing a temporary injunction under such circumstances.

The judgment in each of these cases is reversed.

Marks, J., concurred.